UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL EUGENE HARRINGTON,

       Defendant.

_____/

Case No. 17-CR-20330

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE [52]

Defendant Michael Harrington is currently in the custody of the Federal Bureau of Prisons (FBOP) at the FMC Lexington. (ECF no. 52.) Pending before the Court is Defendant's motion for resentencing and request for early release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed in response to the COVID-19 pandemic. (ECF no. 52.) The government filed a response under seal. (ECF nos. 55, 56)

### I. Background

On October 11, 2018, Defendant entered a plea of guilty to one count of conspiracy to distribute controlled substances- heroin, in violation of 21 U.S.C. §§ 841 and 846. (Rule 11 Plea Agreement, ECF no. 27.) On May 9, 2019, Defendant was sentenced to 36 months of imprisonment, followed by three years of supervised release. (Judgment, ECF no. 48.)

1

## II.  Analysis

Defendant files this motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population. Defendant in his motion alleges that the BOP website confirms that FMC Lexington has 32 inmates and 1 staff person that tested positive for COVID-19 as of the beginning of May 2020. (Def.'s Mot. 3, ECF no. 52.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

### 1.  Exhaustion of Administrative Remedies

As an initial matter, Defendant argues that "upon information and belief" he has

exhausted his administrative remedies and was denied compassionate release and was told that he did not meet the criteria for same. (Def.'s Mot. 7-8, ECF no. 52.) The government argues that Defendant has not petitioned the FBOP for compassionate release. (Gov't Resp. 4, ECF 56.) The Government agrees that Defendant submitted a request to the FBOP for home confinement, which was denied on May 11, 2020, yet also alleges that the FBOP reportedly had no record of Defendant having submitted a request for compassionate release. (Gov't Resp. 15, ECF no. 56.)

In the early stages of the current pandemic, courts came to various conclusions as to whether and when the First Step Act's exhaustion requirement is waivable, some finding it waivable and others finding it is not. The Sixth Circuit very recently joined the Third Circuit in ruling that the administrative exhaustion requirement cannot be waived. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); and *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). There is no evidence to contradict this Court's finding that Defendant did not show that he exhausted his administrative remedies prior to filing this motion. But even if the Court considered Defendant's remaining request, Defendant does not show extraordinary and compelling reasons for release.

### 2. There Are No Extraordinary And Compelling Reasons To Grant Defendant Compassionate Release

Defendant moves for release and resentencing under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release and specifically asking to be resentenced and released

3

to home confinement to serve the remainder of his sentence. (Def.'s Mot. 9, ECF no. 52.)

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release, in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." See U.S.S.G. § 1B1.13, commentary n.1. Defendant's age, 46 years old, does not provide an extraordinary or compelling reason for his release. Yet the Court considers whether his age and medical conditions in the context of the current COVID-19 pandemic, are extraordinary and compelling reasons for granting release.

The populations most likely to suffer severe illness with COVID-19 are "[o]lder people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer." *See* Coronavirus, World Health Organization, https://www.who.int/health-topics/coronavirus#tab=tab_1 (visited July 5, 2020); *see also* Coronavirus Disease, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (visited July 5, 2020) ("As you get older, your risk for severe illness from COVID-19 increases. . . .  There are also other factors that can increase your risk for severe illness, such as having underlying medical conditions."). Defendant argues that his pre-existing conditions, including high blood pressure and a history of prior heart valve replacements, are a basis for compassionate release. (Def.'s Mot. 8 at 20, ECF no. 52.) FBOP medical records for April and early May 2020, provided under seal by the government, show regular monitoring of Defendant's anticoagulation therapy, support a past heart valve replacement,

and show treatment for another common condition that is unrelated to respiratory or cardiac distress, disease or other symptoms related to COVID-1. (Gov't Mot. Exs. A, B, ECF no. 56-2, 56-3, *sealed*.) The Court notes that Defendant has not shown that he suffers from a serious physical condition that "substantially diminishes" his ability to provide self-care within the FBOP facility at which he is located, and from which he is not expected to recover. U.S.S.G. § 1B1.13. Commentary n.1(A)(ii). Defendant alleges that he is exhibiting symptoms of COVID-19, described as "coughing with a continuous tickle in his upper airway, fever and weakness." (Def.'s Br. 11, 12, ECF no. 52.) Yet health services records from May 8, 2020, show that Defendant specifically denied having a cough, and stated that he needed help with a different and unrelated, medical issue. The record notes that he "denies any cough, fever, chills . . . ." (Gov't Resp. Ex. A at 2, ECF no. 56-2 *sealed*.) He alleges that the only treatment inmates are receiving at FMC Lexington is Tylenol and twice daily monitoring of vitals, with a diet of baloney sandwiches.[1] (*Id.* at 12.)

Defendant has not shown that his medical conditions are extraordinary and compelling reasons, even when considered under the current circumstances, to grant compassionate release.[2] *See e.g., United States v. Atwi*, Case No. 18-20607, 2020 WL

---

[1]At the time of writing his brief and motion, Defendant alleges that according to the FBOP website, 32 inmates and 1 staff person had tested positive for COVID-19 at FMC Lexington. At the time of writing this opinion and order, the FBOP website shows COVID-19 confirmed active cases at 11 inmates and 0 staff, 245 total have tested positive. *See* bop.gov/coronavirus/ , visited June 30, 2020.

[2]If the Court had determined that Defendant was eligible for sentence reduction based on "extraordinary and compelling reasons," the Court would be required to consider the factors in 18 U.S.C. § 3553(a) prior to granting a motion for compassionate release. Those factors include the nature and circumstances of the offense, defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and

1910152, at *5 (E.D. Mich. April 20, 2020) (compassionate relief granted to non-violent offender with a latent tuberculosis diagnosis, serving a four-month sentence); *United States v. Saad*, Case No. 16-20197, 2020 WL 2251808 (E.D. Mich. May 5, 2020) (compassionate relief granted to seventy-one-year-old non-violent offender suffering from kidney disease, hypertension, pulmonary hypertension, sleep apnea, shingles and a frozen thigh resultant from a coumadin overdose, with allegation of a diagnosis of suspected recurrent bladder cancer); and *United States v. Zukerman*, 2020 WL 1659880 (S.D.N.Y. April 3, 2020) (sentence modified for seventy-five-year-old with diabetes, hypertension and obesity, to serve remaining term of imprisonment in home incarceration); *see also United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his alleged conditions or their severity).

Based on the failure to exhaust administrative remedies, the Court dismisses Defendant's motion without prejudice. *See United States v. Alam*, 960 F.3d at 836.

### III. CONCLUSION

Defendant's motion (52) is DISMISSED without prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 7, 2020

_____

specific deterrence, and the protection of the public. *See* 18 U.S.C. § 3553(a). The Court need not reach these factors where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons for modification of his sentence.

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 7, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett_____
Case Manager