UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 17-20330

v.                                            Honorable Nancy G. Edmunds

MICHAEL EUGENE HARRINGTON,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [64]**

On October 11, 2018, Defendant Michael Eugene Harrington pled guilty to one count of conspiracy to distribute controlled substances (heroin) in violation of 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 27.) On May 9, 2019, Defendant was sentenced to 36 months of imprisonment followed by three years of supervised release. (ECF No. 48.) Defendant began his term of supervised release on June 9, 2021. Defendant now seeks early termination of supervised release, citing his compliance with all conditions of supervision and his strong bond to his family. (ECF No. 64.) The government opposes the motion. (ECF No. 65.)

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). "[G]enerally, early termination of supervised release

1

under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks, citation, and italics omitted).

Here, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. Defendant committed a serious offense and has only served a little over half of his term of supervised release. While the Court commends Defendant on his compliance with the conditions of his supervision, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Accordingly, Defendant's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 31, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager